# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### May 10, 2005 Session

## STATE OF TENNESSEE v. JIMMY RAY ROGERS

### Direct Appeal from the Circuit Court for Franklin County
### No. 15457    Buddy D. Perry, Judge

---

### No. M2004-01277-CCA-R3-CD - Filed August 3, 2005

---

The appellant, Jimmy Ray Rogers, was convicted by a jury of introducing contraband into a penal institution, possession of marijuana, and driving on a revoked license. He received a total effective sentence of nine years incarceration in the Tennessee Department of Correction. On appeal, the appellant challenges the sufficiency of the evidence supporting his conviction for introduction of contraband into a penal institution and the length of the sentence imposed for that conviction. Upon our review of the record and the parties' briefs, we conclude that the appellant's conviction and sentence for introducing contraband into a penal institution should be affirmed; the appellant's conviction for possession of marijuana should merge into his conviction for introducing contraband into a penal institution; a corrected judgment should be entered reflecting that the appellant was found not guilty of possession of drug paraphernalia; and the appellant's conviction for driving on a revoked license should be reinstated. Therefore, this case is remanded to the trial court for sentencing on the appellant's conviction for driving on a revoked license and for correction of the judgments.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed in Part; Reversed in Part; and Remanded.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Philip A. Condra (on appeal) and David O. McGovern (at trial), Jasper, Tennessee, for the appellant, Jimmy Ray Rogers.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel; J. Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

The appellant was indicted on charges of driving on a revoked license (Count 1); possession of drug paraphernalia (Count 2); possession of marijuana (Count 3); and introducing contraband into a penal institution (Count 4). At trial, Kevin Smith, an officer with the Winchester Public Safety Department, testified that at approximately 1:30 a.m. on May 20, 2003, he noticed the appellant driving a vehicle on Dinah Shore Boulevard. The license plate on the appellant's vehicle was not illuminated. Officer Smith was also aware that the appellant's driver's license had been revoked. Accordingly, Officer Smith activated the lights on his patrol car, and the appellant drove his vehicle to the side of the road and parked. As Officer Smith approached the appellant's vehicle, he saw a long gun, which he believed to be a rifle, laying in the back seat of the vehicle. Officer Smith requested backup, and shortly thereafter Sergeant Glen McKinney arrived on the scene to assist Officer Smith.

The appellant was arrested, handcuffed behind his back, and placed in the back seat of Officer Smith's patrol car. The officers searched the appellant's vehicle, discovering that the suspected weapon was a "pellet gun." The officers also discovered a green straw-like apparatus containing possible drug residue. After being placed in the rear of the patrol car, the appellant repeatedly asked to speak with Sergeant McKinney. Ultimately, Sergeant McKinney returned to the vehicle and spoke with the appellant. The appellant asked Sergeant McKinney if he could go home without being charged. Additionally, the appellant asked Sergeant McKinney, "[W]hy was we picking on small time people instead of big time people, that he was just a smoker." At trial, the officers recalled that the appellant caused no problems while he was restrained in the patrol car.

After the search of the appellant's vehicle was completed, a tow truck arrived at approximately 2:00 a.m. and removed the appellant's vehicle from the side of the road. Officer Smith drove the appellant to the Franklin County Jail where they pulled into a sally port, an area in which only law enforcement officers were allowed. Officer Smith helped the appellant get out of the vehicle and then warned the appellant, "Look, if you've got anything on you you better give it up now, because if you walk in those doors with it, it's automatically a felony for introduction of contraband in a correctional facility." The appellant denied possessing any contraband.

Officer Smith secured his weapon, then he and the appellant proceeded through two locked sets of double doors into the booking area of the jail. Officer Smith stated that the booking area had a counter which the officers used to process paperwork. There were two "drunk tanks" located ten to fifteen feet away from the counter. Near the booking area were doors leading to cells which typically held prisoners. Inmates, particularly trustees, were allowed in the booking area.

Officer Smith took the appellant to the counter for processing. Two officers were working in the booking area. One of the officers began the appellant's paperwork, and the other officer prepared to search the appellant. Prior to the search, the appellant removed a small bag containing a green, leafy, plant material from his pants and relinquished custody of the bag to the searching officer. Officer Smith took custody of the bag.

The bag was submitted to the Tennessee Bureau of Investigation (TBI) crime laboratory for testing. Agent Mark Eric Dunlap with the crime laboratory tested the material and confirmed that it was marijuana. The straw discovered in the appellant's vehicle was not submitted for testing.

At the conclusion of the trial, the jury found the appellant not guilty of possession of drug paraphernalia. However, the jury convicted the appellant of introducing contraband into a penal institution, possession of marijuana, and driving on a revoked license. The trial court sentenced the appellant to a total effective sentence of nine years. On appeal, the appellant challenges the sufficiency of the evidence supporting his conviction for introducing contraband into a penal institution and the length of the sentence imposed for that offense.

## II. Analysis

### A. Sufficiency of the Evidence

On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

On appeal, the appellant contests only his conviction for introducing contraband into a penal institution. In support of his claim, the appellant contends that the State was required to prove "that the [appellant] acted volitionally." He maintains that "once he was handcuffed while obviously in possession of some substance, his ability to act volitionally was removed." According to the appellant, "it was impossible with his hands cuffed to 'give it up." He alleges that as soon as he was in the booking area and his handcuffs were removed, he gave the officers the marijuana.

In order to sustain a conviction for introducing contraband into a penal institution, the State must prove that the appellant, knowingly and with unlawful intent, did take, send, or otherwise cause contraband, such as a controlled substance, to be taken into a penal institution where prisoners are quartered or are under custodial supervision. See Tenn. Code Ann. § 39-16-201(a)(1) (2003). In the instant case, Officer Smith arrested the appellant and took him to the Franklin County Jail for booking. Officer Smith warned the appellant not to take contraband into the jail. The appellant denied possessing any contraband. The appellant was taken into the booking area of the jail for

completion of paperwork and for a search of his person. Immediately prior to the search, the appellant relinquished possession of a bag of green plant material to the officers. TBI testing revealed that the substance in the bag was marijuana, a Schedule VI controlled substance. This court has previously explained, "The plain language of Tennessee Code Annotated section 39-16-201(a)(1) requires proof only that the defendant knowingly and with unlawful intent took the [marijuana] into the jail. Nowhere in the statute is there a requirement that his entrance into the jail have been voluntary." State v. Randy B. Long, No. W2001-01467-CCA-R3-CD, 2002 WL 1592716, at **6-7 (Tenn. Crim. App. at Jackson, July 12, 2002). We conclude that the foregoing evidence is more than sufficient to sustain the appellant's conviction. See State v. Demetrie Owens, No. M2003-01454-CCA-R3-CD, 2004 WL 2775459, at *6 (Tenn. Crim. App. at Nashville, Dec. 3, 2004).

The appellant further argues that "[i]t was not alleged in the indictment that the [appellant] possessed marijuana, a controlled substance, under [Tennessee Code Annotated section] 37-17-417(g)(1)." The instant indictment charged that the appellant "did unlawfully and intentionally take, a controlled substance or a legend drug, into a penal institution . . . in violation of [Tennessee Code Annotated section] 39-16-201." Tennessee Code Annotated section 39-16-201(a)(1) provides that it is illegal to take into a penal institution "controlled substances found in chapter 17, part 4 of this title." Tennessee Code Annotated sections 39-17-415 (2003) provides that marijuana is a Schedule VI controlled substance. Accordingly, the appellant received proper notice of the offense with which he was charged, and the State proved that the appellant committed the charged offense. This issue is without merit.

B. Sentencing

On appeal, the appellant challenges the length of the sentence imposed for his felony conviction for introducing contraband into a penal institution. Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d) (2003). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

At the time the appellant was sentenced, a trial court was required to begin a sentencing determination at the presumptive minimum, "enhanc[ing] the sentence within the range as

appropriate for the enhancement factors, and then reduce the sentence as appropriate for the mitigating factors." Tenn. Code Ann. § 40-35-210(e). The presumptive sentence for a Class C felony is the minimum sentence within the appropriate range. See Tenn. Code Ann. § 40-35-210(c). The appellant was sentenced as a Range II multiple offender, and on appeal, does not challenge this designation. Accordingly, the sentencing range for the appellant's Class C felony conviction was six to ten years. See Tenn. Code Ann. § 40-35-112(a)(1)-(3) (2003).

The appellant testified in his own behalf at the sentencing hearing. He stated that he was thirty-two years old and had a tenth grade education. The appellant said that he was working in a factory at the time of the instant offenses and had worked in landscaping prior to his factory job. He admitted that he had an extensive criminal history consisting of several felony and misdemeanor convictions and that he had previously had his parole revoked. At the time of the instant offenses, the appellant was serving a suspended sentence for marijuana possession. The appellant acknowledged that he was charged with driving on a revoked license in October 2003, and that at the time of the sentencing hearing he was facing forgery charges.

The trial court found the appellant to be a Range II multiple offender. The court determined that two enhancement factors applied to the appellant:

> (2) The [appellant] has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; [and]
>
> . . . .
>
> (9) The [appellant] has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community.

Tenn. Code Ann. § 40-35-114(2) and (9).

On appeal, the appellant argues that in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), the trial court erred in finding the existence of the two enhancement factors. Initially, we note that at the time the appellant filed his brief, this court had maintained that Blakely "calls into question the continuing validity of our current sentencing scheme." State v. Julius E. Smith, No. E2003-01059-CCA-R3-CD, 2004 WL 1606998, at *4 (Tenn. Crim. App. at Knoxville, July 19, 2004); see also State v. Michael Wayne Poe, No. E2003-00417-CCA-R3-CD, 2004 WL 1607002, at *9 (Tenn. Crim. App. at Knoxville, July 19, 2004), perm. to appeal denied, (Tenn. 2004). However, in State v. Gomez, 163 S.W.3d 632, 661 (Tenn. 2005), a majority of our supreme court held that, unlike the sentencing scheme discussed in Blakely, "Tennessee's sentencing structure does not violate the Sixth Amendment." Therefore, in the instant case, we must conclude that the trial court did not err in failing to submit the enhancement factors to the jury for their determination.

Regardless, the presentence report reflects that the appellant had an extensive criminal history. Moreover, the appellant's own testimony establishes numerous prior convictions. Furthermore, the appellant admitted that he had previously been on parole and that his parole had been revoked. Accordingly, the trial court did not err, under our current sentencing scheme or under Blakely, in imposing a sentence of nine years.

## C. Judgments of Conviction

Although not raised by the appellant or the State, our review of the record reveals inaccuracies in appellant's judgments of conviction. First, we note that the record contains a judgment of conviction reflecting that the appellant was found guilty of possession of drug paraphernalia, Count 2. The trial transcript, as well as the verdict forms in the record, clearly reflects that the appellant was found not guilty of possession of drug paraphernalia. Further, the record contains no judgment of conviction for possession of marijuana, although the record reveals that the appellant was found guilty of this offense. Additionally, the judgment of conviction for the offense of introducing contraband into a penal institution, Count 4, provides that the appellant's convictions on "Counts 1 & 3 are merged into this judgment." Count 1 relates to the appellant's conviction of driving on a revoked license, which conviction should not have been merged into the appellant's conviction of introducing contraband into a penal institution. Moreover, Count 3 relates to the appellant's conviction for possession of marijuana, which should have been merged into the judgment of conviction for introducing contraband into a penal institution.[1] Further, the appellant's judgment of conviction for driving on a revoked license does not reflect the sentence the appellant received for that offense, nor does the record reveal that the trial court imposed a sentence for driving on a revoked license. Therefore, we conclude that this matter must be remanded to the trial court for correction of the judgment of conviction in Count 2 to reflect that the appellant was found not guilty of possession of drug paraphernalia; correction of the judgments of conviction on Counts 1 and 4 to reflect that the offenses are not merged and for sentencing on the conviction of driving on a revoked license. Additionally, the trial court is instructed to correct the judgments on Counts 3 and 4 to reflect that Count 3 is merged into Count 4.

---

[1] At the sentencing hearing, the State informed the court that it would not oppose merging the appellant's conviction for possession of marijuana into the appellant's conviction for introducing contraband into a penal institution.

### III.  Conclusion

In conclusion, the appellant's conviction and sentence for introducing contraband into a penal institution are affirmed; the appellant's conviction for possession of marijuana is merged into his conviction for introducing contraband into a penal institution; a corrected judgment should be entered reflecting that the appellant was found not guilty of possession of drug paraphernalia; and the appellant's conviction for driving on a revoked license is reinstated. This case is remanded to the trial court for sentencing on the appellant's conviction for driving on a revoked license and for correction of the judgments as set forth in this opinion.

_____
NORMA McGEE OGLE, JUDGE